**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  15-cv-01626-REB-NYW

NATIONAL UNITY INSURANCE COMPANY, a Texas Corporation,

    Plaintiff,

v.

RIO NATIONAL INSURANCE SERVICES, INC., a Colorado Corporation,
RIO NATIONAL INSURANCE SERVICES OF ARIZONA, INC. a Colorado Corporation,
RIO CLAIMS SERVICE, INC., a Colorado Corporation,
STEVEN KERBEL, an individual resident of Colorado, and
VANESSA JOAQUIM, an individual resident of Colorado.

    Defendants.

## ORDER APPROVING STIPULATION

**Blackburn, J.**

    The matter comes before me on (1) the **Motion for _Ex Parte_ Temporary Restraining Order and Preliminary Injunction** [#2][1] filed July 30, 2015; and (2) the **Stipulation Regarding Motion for _Ex Parte_ Temporary Restraining Order and Preliminary Injunction and Defendants' Response** [#10] filed July 31, 2015.  In the stipulation [#10], the plaintiff and defendant, Steven Kerbel, agree to the entry of an order by the court concerning the issues raised in the motion for temporary restraining order [#2].

---

[1]  "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I note that Steven Kerbel purports to approve the stipulation on behalf of and as authorized representative of defendants, Rio National Insurance Services, Inc., Rio National Insurance Services of Arizona, Inc., and Rio Claims Service, Inc.  Mr. Kerbel is not an attorney who has entered an appearance in this case on behalf of these corporate defendants.  Thus, Mr. Kerbel may not represent these corporate defendants in this case as an "authorized representative."  **Harrison v. Wahatoyas, LLC**, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").  Therefore, the stipulation [#10] is effective only as to the plaintiff and Mr. Kerbel.  Nothing in the record reflects a valid agreement by any other defendant to the terms of the stipulation.  However, to the extent Mr. Kerbel exercises control over the actions of the three corporate defendants, I order him to comply with the stipulation.  However, the motion for temporary restraining order shall remain pending as to all defendants other than Mr. Kerbel.

Without admitting any wrongdoing, which is expressly denied by Mr. Kerbel, the plaintiff, National Unity Insurance Company, and Mr. Kerbel agree as follows:

1.  Mr. Kerbel will not shut down or interfere with the operation of their former computer system for one-hundred and eighty (180) days from the date of this order;

2.  Mr. Kerbel will forward all correspondence, mail, e-mail, telephone calls, voicemails, etc., to plaintiff National Unity Insurance Company (NUIC) every three (3) business days for ninety (90) days from the date of this order;

3.  Mr. Kerbel will not cancel, modify or alter the E&O insurance policy, believed to be Scottsdale Indemnity Co. Policy # ABI-0002342; and

4.  So long as Mr. Kerbel complies with the terms of this stipulated order for the

entire 180 day term, the plaintiff will file a motion or stipulation to dismiss this case, at least as to Mr. Kerbel, without prejudice at the conclusion of the 180 day term.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Stipulation Regarding Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction and Defendants' Response** [#10] filed July 31, 2015, is approved to the extent the stipulation applies to the plaintiff and defendant, Steven Kerbel;

2. That the plaintiff and defendant, Steven Kerbel, shall comply with the terms of their stipulation, which terms are enumerated and specified in this order;

3. That defendant, Steven Kerbel, shall not violate the terms of the stipulation by authorizing, directing, or soliciting action, either directly or indirectly, by any employee, officer, agent, servant, independent contractor, or corporate entity over whom or which Mr. Kerbel exercises authority or control whether personally, professionally, contractually, or otherwise;

4. That in light of the stipulation, the **Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction** [#2] filed July 30, 2015, is denied as moot and without prejudice as to defendant, Steve Kerbel; and

5. That the **Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction** [#2] filed July 30, 2015, shall remain pending as to all other defendants.

Dated August 6, 2015, at Denver, Colorado

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge